UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

NYKAZA GEE,                              )
                                         )
             Petitioner,                 )
v.                                       )     No. 1:09-cv-1482-SEB-TAB
                                         )
MARK LEVENHAGEN, Superintendent,         )
                                         )
             Respondent.[1]              )

**Entry Discussing Petition for Writ of Habeas
Corpus and Denying Certificate of Appealability**

**I.**

Having considered the pleadings and the expanded record in this action for habeas corpus relief brought by Nykaza Gee ("Gee"), the court concludes that his petition for a writ of habeas corpus must be **denied.**

**A.**

Gee was convicted in 2002 in an Indiana state court of criminal confinement, battery, intimidation, and aggravated battery. *See Gee v. State of Indiana,* No. 49A04-211-CR-991 (Ind.Ct.App. Sept. 10, 2003). He now challenges that conviction through his petition for writ of habeas corpus.

In an attempt to "curb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law," Congress, as part of the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), revised several of the statutes governing federal habeas relief. *Williams v. Taylor,* 529 U.S. 362, 404 (2000). One such revision amended 28 U.S.C. § 2244 to include a one-year statute of limitations for state prisoners seeking federal habeas relief.

**B.**

The facts pertinent to the computation of the statute of limitations are the following:

!   The decision in his direct appeal was issued on September 10, 2003. On October 22, 2003, the Indiana Supreme Court denied Gee's petition to transfer.

---

[1]The petitioner's current custodian, named in his official capacity only, is substituted as the Respondent.

- ! The last day on which Gee could have filed a timely petition for writ of certiorari review with the United States Supreme Court was January 20, 2004.

- ! On July 28, 2004, Gee filed a petition for state post-conviction relief. That post-conviction action remained pending until July 10, 2008.

- ! On October 15, 2008, Gee filed a petition for writ of habeas corpus in this court. The action was docketed as No. 1:08-cv-1403-DFH-TAB and was dismissed without prejudice on January 7, 2009, for failure to prosecute.

- ! Gee signed his petition for writ of habeas corpus in this case on November 20, 2009. That petition was filed with the clerk on December 1, 2009.

## C.

The legal significance of the foregoing facts is this:

- ! Gee's conviction was "final" for purposes of the AEDPA on January 20, 2004. *See Griffith v. Kentucky,* 479 U.S. 314, 321 & n.6 (1987) (a conviction is "final" when the time for seeking direct review from the judgment affirming the conviction has expired); *Powell v. Davis,* 415 F.3d 722, 726 (7th Cir. 2005).

- ! The statute of limitations established by 28 U.S.C. 2244(d) began to run on January 21, 2004.

- ! Applying the prison mailbox rule, Gee's habeas petition can be considered to have been "filed" on the date it was signed. *Jones v. Bertrand,* 171 F.3d 499 (7th Cir. 1999).

- ! The filing of the earlier habeas action, No. 1:08-cv-1403-DFH-TAB, did not toll the running of the statute of limitations. *Artuz v. Bennett,* 531 U.S. 4, 8 (2000).

- ! The filing of the action for post-conviction in the state courts, however, did toll the running of the statute of limitations. See 28 U.S.C. § 2244(d)(2); *Gray v. Briley,* 305 F.3d 777, 778-79 (7th Cir. 2002) (one-year period is tolled while a "properly filed" application for post-conviction relief is pending in state court).

When Gee's state petition for post-conviction relief was filed on July 28, 2004, just over six months of the 1-year statute of limitations had elapsed. The post-conviction action remained pending until July 10, 2008. The balance of the statute of limitations expired on January 2, 2009. Even applying the prison mailbox rule to the filing of the present action, the action was filed more than 10 months after the statute of limitations expired.

## D.

"[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). In this case, Gee has

encountered the hurdle produced by the one-year statute of limitations. He has not shown the existence of circumstances permitting him to overcome this hurdle, and hence is not entitled to the relief he seeks. His petition for a writ of habeas corpus is therefore **dismissed as untimely.** Judgment consistent with this Entry shall now issue.

## II.

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 proceedings, and 28 U.S.C. § 2253(c), the court finds that Gee has failed to show (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 06/01/2010

*[signature]*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana